UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| PARDEEP KUMAR and BALJINDER KAUR,<br><br>        Plaintiffs,<br><br>  v.<br><br>ALEJANDRO MAYORKAS,<br><br>        Defendant.<br>_____/ | No. C 12-06470 MEJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR ORDER CHANGING VENUE** |

## I. INTRODUCTION

On December 21, 2012, Plaintiffs Pardeep Kumar and Baljinder Kaur filed their Complaint for Declaratory Judgment and Injunction pursuant to 5 U.S.C. §§ 701-706 against Alejandro Mayorkas, director of the United States Citizenship and Immigration Services ("USCIS"), seeking a judgment: (1) declaring that Ms. Kaur has been granted asylum status in the United States pursuant to 8 U.S.C. § 1158(b)(3)(A); (2) declaring that the USCIS has violated 8 U.S.C. § 1158(b)(3)(A), 5 U.S.C. § 555(b), and 8 C.F.R. § 208.21(e) by not issuing a travel document to Ms. Kaur or forwarding written notice to Mr. Kumar stating the basis for not issuing a travel document; and (3) enjoining the USCIS to immediately issue a travel document to Ms. Kaur. Dkt. No. 1. Subsequently, on July 31, 2013, USCIS denied Mr. Kumar's Form I-730 Refugee/Asylee Relative Petition ("Form I-730 Petition" or "Petition"). First Amended Complaint ("FAC") ¶ 17, Dkt. No. 21. Plaintiffs thereafter filed the operative First Amended Complaint seeking judicial review of USCIS's denial of the Form I-730 Petition. Dkt. No. 21. In their First Amended Complaint, Plaintiffs allege that the Northern District of California is the proper venue for this action pursuant to 28 U.S.C. § 1391(e) because Mr. Kumar resides within this District. FAC ¶ 2. The Government now moves to dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Motion, Dkt.

No. 5. Plaintiffs have filed an Opposition. Dkt. No. 16. Because the Court finds this matter suitable for disposition based on the parties' written submissions, and oral argument would not assist the Court in making this decision, the Court **VACATES** the hearing set for October 3, 2013. Civil L.R. 7-1(b). For the reasons set forth below, the Court **DENIES** the Government's Motion.

## II. BACKGROUND

Mr. Kumar is a citizen of India who was granted asylum in the United States on June 24, 2008. FAC. ¶ 4; Compl., Ex. A.[1] He alleges that on October 22, 2006, he married Ms. Kaur, who is a citizen of India. FAC ¶ 5  On July 7, 2009, Mr. Kumar filed a Form I-730 Petition on behalf of Ms. Kaur. Compl., Ex. E.  USCIS approved the Petition on February 5, 2010. *Id*., Ex. B.  However, on September 27, 2010, USCIS reopened the Petition. FAC ¶ 6; Compl., Ex. C.  Thereafter on November 5, 2010, USCIS denied the Petition due to abandonment, indicating that Mr. Kumar abandoned the Form I-730 Petition when he failed to respond to a request for evidence. FAC ¶ 7; Compl., Ex. D.

Thereafter, Mr. Kumar obtained new counsel and filed a lawsuit in federal district court. Compl., Ex. E.  The lawsuit was settled upon USCIS's agreement to again reopen the Petition to afford Mr. Kumar a second opportunity to respond to a notice of intent to deny. *Id*.

On December 13, 2011, USCIS issued a Service Motion to Reopen and Notice of Intent to Deny ("NOID"). FAC ¶ 10; Compl., Ex. E.  In the NOID, USCIS indicated that it was in possession of adverse information regarding Mr. Kumar's I-730 Petition. Compl., Ex. E.  The Service Motion indicated that USCIS in New Delhi, India returned the Petition for review and possible denial after Ms. Kaur was interviewed by a USCIS Officer in India on April 19, 2010. *Id.*  The Petition was returned to USCIS on or about June 30, 2010, on the ground that the evidence failed to establish a bona fide or legally valid marital relationship existed between Mr. Kumar and Ms. Kaur. *Id.* Specifically, the NOID stated: (1) the Marriage Certificate-Registrar of Marriage-Jalandhar, dated

---

[1] Although Plaintiffs' First Amended Complaint supercedes their original Complaint, the Court refers to documents submitted as exhibits to the original pleading that were not attached as exhibits to the First Amended Complaint.

2

March 6, 2009 is of dubious authenticity because it was issued more than two years after the marriage occurred and after Kumar entered the United States; (2) Ms. Kaur provided questionable responses to questions regarding the registration of the marriage; (3) Ms. Kaur was uncertain regarding Mr. Kumar's age at the time they were married; (4) a marriage attended by only 10-11 people, with no photographs and no dowry would be highly unusual; (5) based on Ms. Kaur's understanding of English and appearance, USCIS doubted her statements that her father is a day wage laborer and she attended school only to the 10th level; and (6) it would be unusual that Ms. Kaur was unable to present additional photographs of herself with Mr. Kumar together in India or Poland, or photographs of Mr. Kumar since he entered the U.S. *Id.* at 1-2. The Notice also indicated that Ms. Kaur did not give satisfactory answers when describing why she did not travel with her new husband to the United States and why Mr. Kumar completed an application for a J1 visa at the U.S. Embassy in Warsaw, in which he stated he was unmarried. *Id.* at 2. Mr. Kumar was given 30 days from the date of the NOID to submit to USCIS a written rebuttal and sufficient independent evidence to overcome the adverse information. *Id.*

On December 22, 2011, Mr. Kumar's attorney wrote back to the USCIS, providing an additional declaration from Mr. Kumar in support of the Petition. FAC ¶ 12; Compl., Ex. F. On January 5, 2012, the USCIS reaffirmed its previous decision to approve Mr. Kumar's Form I-730 Petition. FAC ¶ 12; Compl., Ex. G. Plaintiff filed this lawsuit on December 21, 2012, alleging USCIS still had not acted on its decision and seeking an order compelling USCIS to issue travel documents to Ms. Kaur. Compl., Dkt. No. 1.

Subsequently, on January 18, 2013, USCIS issued a second Notice of Intent to Deny Mr. Kumar's Form I-730 Petition. FAC ¶ 13. On February 6, 2013, Mr. Kumar submitted a response to the second NOID. *Id.* ¶ 14. Thereafter, on March 25, 2013, USCIS issued a third Notice of Intent to Deny Mr. Kumar's Form I-730 Petition. *Id.* ¶ 15. Mr. Kumar then submitted a response to the third NOID on April 12, 2013. *Id.* ¶ 16. On July 31, 2013, USCIS denied Mr. Kumar's Form I-730 Petition, finding that Mr. Kumar did not meet his burden of proving that he and Ms. Kaur were lawfully married prior to the date he was granted asylum. *Id.* ¶ 17.

3

1    On August 20, 2013, Mr. Kumar filed a First Amended Complaint, alleging that USCIS's July 31, 2013 decision denying his Petition was arbitrary and capricious and that USCIS violated his Fifth Amendment due process rights to adequate procedures and to reside with his wife in the United States. *Id.* ¶ 19. He seeks a judgment declaring that: (1) USCIS violated 8 U.S.C. § 1158 and 8 C.F.R. §§ 103.2(b)(16) and 208.21 when it denied his Form I-730 Petition; (2) that USCIS's decision was arbitrary and capricious; and (3) that its findings are not based on substantial and probative evidence. *Id.* at 4. He further seeks injunctive relief directing USCIS to approve his Form I-730 Petition and issue Ms. Kaur travel authorization to apply for admission to the United States. *Id.*

In paragraph 3 of the First Amended Complaint, Plaintiff alleges that the Northern District of California is the proper venue for this action "because Mr. Kumar, a resident of Alameda County, resides in this district." FAC ¶ 3.

In the interim, on February 25, 2013, the Government filed the instant motion seeking dismissal based upon improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that the Northern District of California is an improper venue for this action. Dkt. No. 5.

### III. LEGAL STANDARD

Pursuant to Rule 12(b)(3), a defendant may move to dismiss a complaint for improper venue. When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. *Id.* Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Pursuant to 28 U.S.C. § 1406(a), if the Court determines that venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Because Plaintiff has sued Alejandro Mayorkas, Director of USCIS, venue is this matter is controlled by 28 U.S.C. § 1391(e), which provides in relevant part:

4

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

### IV. DISCUSSION

As indicated above, in their First Amended Complaint, Plaintiffs allege that under 28 U.S.C. § 1391(e)(3) venue is proper in the Northern District of California because Mr. Kumar resides in this District. FAC ¶ 3. In its Motion, the Government contends that because Mr. Kumar is an alien, his residence cannot serve as the basis for establishing venue under § 1391(e)(3), making dismissal pursuant to 12(b)(3) appropriate. Mot. at 4. Plaintiffs, however, maintain that, as an alien lawfully admitted for permanent residence in the United States, Mr. Kumar's residence may be considered for satisfying § 1391(e)(3). Opp. at 1-2.

The Government and Plaintiffs each cite decisions from this district directly addressing this issue. Particularly, in support of its position, the Government cites *Ou v. Chertoff*, 2008 WL 686869, at *1 (N.D. Cal. Mar. 12, 2008), and *Li v. Chertoff*, 2008 WL 4962992, at *2-4 (N.D. Cal. Nov. 18, 2008). As in this case, in *Ou* and *Li*, permanent resident aliens filed lawsuits in this District against federal officials and asserted that venue was proper under § 1391(e)(3) because the plaintiffs resided in the Northern District of California. The government sought dismissal of the actions, arguing – as it does in this case – that subsection (3) is inapplicable because an alien, for purposes of establishing venue, is not considered a resident of any district. *Ou*, 2008 WL 686869, at *1; *Li*, 2008 WL 4962992, at *2. In both cases the district court agreed, reasoning that for purposes of venue an alien is assumed not to reside in the United States. *Ou*, 2008 WL 686869, at *1; *Li*, 2008 WL 4962992, at *2-3. The court rejected the plaintiffs' argument that the rule did not apply when a plaintiff is a permanent resident alien, finding that case law did not support such an exception and there was no violation of due process because an alternate forum existed for the alien-plaintiffs to assert their claims. *Ou*, 2008 WL 686869, at *2; *Li*, 2008 WL 4962992, at *2-3. Further, the district court

5

reasoned that "when Congress intends to distinguish between categories of aliens, or to allow aliens to bring an action in the district of their residence, Congress has expressly done so," and cited 28 U.S.C. § 1332(a), 8 U.S.C. § 1421(c) as examples. *Ou*, 2008 WL 686869, at *2; *Li*, 2008 WL 4962992, at *3. Based on this reasoning, the district court found that in both cases the plaintiffs failed to establish venue was proper in the Northern District and transferred the actions to the District Court for the District of Columbia. *Id*. The Government asserts that, as in *Ou* and *Li*, Mr. Kumar's residence is insufficient to meet § 1391(e)(3)'s requirement.

Plaintiffs, however, maintain that the Court may consider the fact that Mr. Kumar resides within the Northern District of California to determine whether venue is proper under § 1391(e)(3). In support, Plaintiffs primarily rely on *Gu v. Napolitano*, 2009 WL 2969460, at *3 (N.D. Cal. Sept. 11, 2009), wherein the court held that venue was proper in the Northern District of California under § 1391(e)(3) where the resident alien plaintiff resided in this District. In reaching its decision, the court reasoned that on its face, § 1391(e)(3) is not limited to citizens, thus "interpreting it to apply equally to all plaintiffs does not lead to absurd results." *Id*. at *1. The court further noted that neither the Supreme Court nor any circuit court of appeals has whether a resident alien's place of residence may be considered for venue purposes under § 1391(e)(3). *Id*. at *2. In particular, the court noted that the language the government relied upon in *Brunette Machine Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972) – which the Government also cites in this case – that "suits against aliens are wholly outside the operation of all the federal venue laws," signified that venue was not limited for suits *against* aliens, and has no application to a suit brought *by an alien*, which was the issue before the court. *Id*.

The *Gu* court also rejected the government's argument that because Congress expressly indicated that in certain nationality and naturalization statutes, the district in which an alien resides may be a proper venue for certain actions, the omission of similar provisions in the statutes authorizing the plaintiff's claims signified that such home venue was not available. *Id*. at *3. Specifically, the court reasoned:

> The logic of this argument is backwards. As the Court recognized in the *Brunette Machine Works* case, venue statutes were enacted as *limitations* on the places where

6

> federal cases may be brought. *See Brunette Machine Works*, 406 U.S. at 708.  By specifying an alien's home district as the proper venue for certain specific causes of action, Congress *limited* the districts in which plaintiffs may bring such causes of action.  Those specific venue provisions take precedence over the more general venue provisions of Section 1391(e), thus precluding plaintiffs who bring those causes of action from availing themselves of the venue provisions of Section 1391(e)(1) or (2).  [ . . . . ]  The fact that Congress has not included such a specific venue limitation in Section 1361 can only be construed to mean that all three venues listed in Section 1391(e) remain available to resident alien plaintiffs for suits brought against officers of the United States. [. . . . ]

*Id*.  Plaintiffs urge the Court to follow *Gu* and find that Plaintiffs' have satisfied § 1391(e)(3) based on Mr. Kumar's residence in Alameda County.

The Court has carefully reviewed these decisions – as well as the other authorities cited by the parties – and while *Ou* and *Li* present a reasonable analysis of whether § 1391(e)(3) applies to a permanent resident alien, this Court agrees with the analysis set forth in *Gu*.  As the court stated in that decision, the plain language of § 1391(e)(3) allows a *plaintiff* to bring suit against an officer of the United States in the judicial district in which the *plaintiff* resides (so long as no real property is involved in the action).  There is nothing in the statute indicating that only the residence of citizens can be considered for meeting this requirement.  Further, the Government has not cited to any binding authority from this Circuit or the Supreme Court holding that resident aliens may not avail themselves of § 1391(e)(3).  Accordingly, the Court rejects the Government's argument that Mr. Kumar's residence may not be considered for purposes of determining whether venue in this District is proper pursuant to § 1391(e)(3).

Accordingly, because it is undisputed that Mr. Kumar resides within the Northern District of California and that no real property is involved in this action, the Court finds that Plaintiffs have satisfied their burden of demonstrating that venue is proper in this District under § 1391(e)(3). The Court therefore **DENIES** the Government's Motion to Dismiss.

**V. CONCLUSION**

For the reasons stated above, the Court **DENIES** the Government's Motion to Dismiss for Improper Venue (Dkt. No. 5).

**IT IS SO ORDERED.**

Dated: September 23, 2013

Maria-Elena James
United States Magistrate Judge